UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| NATHANIEL S. MARLOW, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.  3:21-CV-151-DCLC-JEM |
| BLOUNT COUNTY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This pro se prisoner's complaint under 42 U.S.C. § 1983 is before the Court for consideration of dismissal. On December 21, 2021, this Court entered a Scheduling Order setting deadlines in this case [Doc. 14]. That Order required Plaintiff to submit his Pretrial Narrative Statement ("PNS") on or before January 9, 2023 [*Id*. ¶ 3] and cautioned Plaintiff that failure to file a PNS would result in the dismissal of his complaint [*Id*. ¶6]. Plaintiff failed to file his PNS as ordered, and on January 25, 2023, Defendant filed a Notice of Plaintiff's failure to file his PNS [Doc. 26]. Plaintiff has not responded to Defendant's Notice or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)."

(citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Court first finds that Plaintiff's failure to timely comply with the Court's Scheduling Order is due to Plaintiff's willfulness or fault, as he failed to follow an explicit direction of the Court. Second, the Court finds Plaintiff's failure to comply with the Court's Order has prejudiced Defendant, as Defendant has expended significant time and resources defending against Plaintiff's allegations. Third, Plaintiff was expressly warned that failure to file his PNS would result in the dismissal of this case [Doc. 14 ¶ 6]. Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff was proceeding pro se and *in forma pauperis* in this action [Doc. 6] and has failed to comply with an unambiguous Order of the Court.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Scheduling Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** pursuant to Rule 41 of the Federal Rules of Civil Procedure, and all pending motions will be **DENIED** as moot.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker  
United States District Judge